UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIO WILLIAMS, JR.

VERSUS

WAFFLE HOUSE

CIVIL ACTION

NO.10-00357-JJB-DLD

## RULING ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss (doc. 7) for Insufficient Service of Process filed by Defendant, Miller Properties, Inc., d/b/a Waffle House ("Waffle House").  Plaintiff filed an opposition (doc. 9). There is no need for oral argument.  Subject matter jurisdiction is based upon 28 U.S.C. § 1331.

Plaintiff, Antonio Williams, Jr., filed suit *pro se* on May 21, 2010, alleging race discrimination, sex discrimination and retaliation. Williams named Miller Properties, Inc., d/b/a Waffle House as the defendant in this action.[1] On May 28, 2010, the clerk mailed a summons and complaint to the plaintiff for service on the defendant. Williams had an East Baton Rouge Parish Sheriff's Deputy serve Waffle House with the summons on June 10, 2010. Williams returned an executed summons to the clerk on June 22, 2010.

---

[1] In his complaint the Plaintiff incorrectly identified "Waffle House" as the Defendant in this case. As explained in the Defendant's Motion to Dismiss, Defendant is properly identified as "Miller Properties, Inc., d/b/a Waffle House." (Motion to Dismiss for Insufficient Service of Process at 1, *Williams v. Waffle House*, No. 10-00357 (M.D.L.A. June 29, 2010), Doc. 7.

1

A Motion to Dismiss for insufficient process under Rule 12(b)(4) should be granted "only when the defect is prejudicial to the defendant.  Otherwise the court should generally allow an amendment of the process to correct the defect."[2] Rule 12(b)(5), on the other hand, relates to the actual "mode of delivery or the lack of delivery."[3]  Pertinent to both rules, "[s]ervice generally will be quashed and the action preserved," where there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly."[4]

Waffle House presents one ground for dismissal: failure to serve a copy of the complaint with the summons.  There is no dispute that Fed. R. Civ. P. 4(c) requires the summons be accompanied by the complaint in order for service to be proper. See also, *Rauch v. Geo Corp.*[5]

As Waffle House has submitted an affidavit establishing that a copy of the complaint was not included with the summons, the court finds that service of process was insufficient. However, as noted in *Rauch,* "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect

---

[2] 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (2d ed. 2002).

[3] *Id.*

[4] WRIGHT & MILLER, *supra* note 1, § 1354.

[5] *Rauch v. Geo Corp.,* No. 09-757, 2010 WL 1779651, at *1 (N.D. Tex. March 15, 2010).

service or to simply quash service of process."[6] Because there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly," Williams will be given 20 days to properly re-serve Waffle House with the summons and the complaint.[7]

Accordingly, Waffle House's Motion to Dismiss (doc. 7) is hereby DENIED; however, Williams is directed to re-serve Waffle House with the summons and the complaint within 20 days. Waffle House may follow up with any such motion(s) as may be appropriate. The clerk's office is directed to provide plaintiff with the necessary papers.

Signed in Baton Rouge, Louisiana, on August 26, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[6] *Rauch,* 2010 WL 1779651 (quoting *First Bank of Canyon Creek v. Meints,* No. 05-2181, 2007 WL 2089377, at *3 (N.D.Tex. July 18, 2007)).

[7] *See* WRIGHT & MILLER, *supra* note 1, § 1354.