UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO L. WILLIAMS, JR. | CIVIL ACTION |
| VERSUS | |
| WAFFLE HOUSE | NO. 10-357-M2<br>CONSENT CASE |

## RULING & ORDER

This matter is before the Court on the Motion to Dismiss (R. Doc. 19) filed by defendant, Miller Properties, Inc. d/b/a Waffle House ("Waffle House"). Plaintiff, Antonio L. Williams, Jr. ("Williams"), has filed both an opposition and an amended memorandum of law in opposition (R. Docs. 20 and 21 respectively) to this motion.

## FACTS & PROCEDURAL BACKGROUND

Williams filed this suit, in a *pro se* capacity, on May 21, 2010. On October 1, 2010, he amended his complaint. He alleges that, during his employment at Waffle House, he was subjected to sex and race discrimination as well as retaliation in violation of Title VII of the Civil Rights Act.[1] He also contends that he was fired on March 20, 2009. Subsequent to his alleged termination, Williams filed a "Charge of Discrimination" with the Louisiana Commission on Human Rights on June 22, 2009, wherein he indicated that he was subjected to sex discrimination while employed by Waffle House. In particular, he stated that, on March 20, 2009, he was accused by a district manager of sleeping with his

---

[1] Specifically, Williams contends that he was subjected to racial slurs and derogatory comments concerning black, gay males and that he was questioned by Waffle House management about whether he was sleeping with his male supervisor.

1

male supervisor. He specifically stated that he was "discriminated against based on sex, male and in violation of La. R.S. seq. and Title VII of the Civil Rights Act of 1964 as amended respectively." *See*, R. Doc. 1, p. 13. On February 25, 2010 and March 31, 2010 respectively, the Louisiana Commission on Human Rights and the U.S. Equal Employment Opportunity Commission, New Orleans Field Office, issued "Dismissal and Notice of Rights" letters to Williams. *See*, R. Doc. 18, pp. 28-29. In those letters, both of those entities indicated that they were unable to conclude that the information obtained during their investigation of Williams' complaints established violations of Title VII of the Civil Rights Act.

Through its present motion, Waffle House seeks to have this suit dismissed with prejudice on the following grounds: (1) because Williams' claims of race discrimination and retaliation are barred by his failure to exhaust his administrative remedies prior to filing suit; (2) even if he has viable race discrimination and retaliation claims, those claims are barred by the applicable statutes of limitations; (3) Williams' claim of sex discrimination is a poorly disguised claim of sexual orientation discrimination, which is not a cognizable claim under Title VII or the Louisiana Employment Discrimination Act ("LEDA"); and (4) even if Williams' amended complaint is not subject to dismissal for the above reasons, it should nevertheless be dismissed because of Williams' failure to satisfy the pleading standards set forth by the U.S. Supreme Court in *Ashcroft v. Iqbal.*

**LAW & ANALYSIS**

**I.      Exhaustion of administrative remedies:**

An employment discrimination plaintiff must exhaust administrative remedies before pursuing a claim in federal court, and exhaustion occurs when the plaintiff timely files a charge with the EEOC and receives a statutory notice of the right to sue. *Taylor v. Books A Million, Inc.,* 296 F.3d 376 (5th Cir. 2002).[2]  Specifically, 42 U.S.C. §2000e-5(e)(1) provides that a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act, or within 300 days if the plaintiff first filed a complaint with a local or state agency. Thus, receipt of the "right to sue" letter is a condition precedent to filing a Title VII claim in federal court. *Stewart v. May Dept. Stores*, 294 F.Supp.2d 841 (M.D.La. 2003); *Taylor*, at 379 (Although the filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court).

Furthermore, in a suit filed under Title VII, courts may only entertain those issues that were raised in an EEOC charge, together with those issues which can reasonably be expected to grow out of the EEOC's investigation of that charge.[3]  It has been held that, when a plaintiff fails to check a box on the EEOC charge form specifying a particular type

---

[2]  42 U.S.C. §2000e-5(e)(1) provides that, before a plaintiff can commence a civil action under Title VII in federal court, he or she must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice.   42 U.S.C. §2000e-5(e)(1).

[3] *See, Thomas v. Texas Dept. of Criminal Justice*, 220 F.3d 389 (5th Cir. 2000)(The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination).

3

of discrimination and fails to assert any allegations concerning that type of discrimination in the particulars of the charge, the EEOC's investigation cannot reasonably be expected to encompass that type of discrimination, and the plaintiff therefore fails to exhaust his/her administrative remedies relative to that type of discrimination. *See, Olubadewo v. Xavier University*, 2009 WL 937009 (E.D.La. 2009)(citing *Garrett v. Judson Indep. Sch. Dist.*, 2008 WL 4851317m at *6 n. 7 (5th Cir. 2008))("The 'retaliation' box provided on the form was *not* checked, and there is no mention of any retaliatory conduct in the particulars of the charge. The Equal Employment Opportunity Commission's investigation of this charge could not reasonably have been expected to encompass any retaliation when plaintiff checked the race, sex, nationality and age boxes on the form, but left the retaliation box blank").

On the EEOC charge form relating to the present case, Williams only put a mark in the box indicating that he was subjected to "sex discrimination." *See*, R. Doc. 1, p. 13. He left the boxes relating to race discrimination and retaliation blank. Furthermore, he set forth no allegations relating to race discrimination or retaliation in the "particulars" of his EEOC charge. In fact, he specifically states, in that portion of his charge, that he was discriminated against based upon his sex and based upon the fact that he was accused of sleeping with his male supervisor.[4] The undersigned finds that the EEOC's investigation

---

[4] Although Williams set forth charges of race discrimination and retaliation in his EEOC "intake questionnaire," which was submitted several months before his EEOC charge form, on April 19, 2009, such "intake questionnaire" was not signed and verified under oath, as is required for an EEOC charge form under 42 U.S.C. §2000e-5(b) and 29 C.F.R. §1601.9. *See*, 42 U.S.C. §20003-5(b)(requiring that charges must be under oath or affirmation); 29 C.F.R. §1601.11(a)(A Commissioner charge must be signed and verified). Furthermore, the defendant contends that it was never notified of Williams' race discrimination and retaliation claims prior to the present suit and was

4

of the sex discrimination claim set forth in Williams' charge form could not reasonably have been expected to encompass any race discrimination or retaliation charges, and Williams therefore failed to exhaust the administrative prerequisites to suit concerning those charges. His race discrimination and retaliation charges are therefore subject to dismissal *without prejudice* on that basis.

**II.     Are Williams' race discrimination and retaliation claims barred by the statute of limitations?**

Williams contends, in both his EEOC "Charge of Discrimination" and his amended complaint in this suit, that the conduct in question occurred on March 20, 2009. Additionally, Williams' amended complaint indicates that the last date upon which he had any contact with employees of Waffle House occurred on April 1, 2009. Thus, even assuming Williams had viable claims of race discrimination and retaliation, any attempt to file an EEOC charge relating to those claims at this point would be time-barred. As mentioned above, pursuant to 42 U.S.C. §2000e-5(e)(1), a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act, or within 300 days if the plaintiff first filed a complaint with a local or state agency. Williams' allegations concerning conduct even as late as April 1, 2009 occurred over eighteen (18) months ago and are therefore prescribed under the 180-day and 300-day time limitations set forth above, as well as under Louisiana's one (1) year prescriptive period for any claims asserted under the LEDA. *See Ikossi-Anastaiou v. Board of Supervisors of Louisiana*

---

therefore denied the opportunity to pursue any administrative remedy for those claims during the EEOC's investigation. Thus, the sex discrimination charge set forth in Williams' "Charge of Discrimination," which was signed and verified under oath, trumps the charges previously set forth in his "intake questionnaire" and is the only claim that will be considered by the Court in this suit.

*State University*, 579 F.3d 546, 552 (5th Cir. 2009). As such, Williams' claims of race discrimination and retaliation are also subject to dismissal *with prejudice* because they are barred by the applicable statutes of limitations.

### III.    Williams' sex discrimination claim:

Williams' allegations of sex discrimination in both his EEOC charge and in his present lawsuit do not relate to discriminatory treatment based upon the fact that he is a male; instead, they relate to discriminatory treatment based upon the fact that his employer questioned him as to whether he is gay and perceived him as being gay.[5] Thus, he is

---

[5] Although same-sex sexual harassment has been recognized as a cognizable claim under Title VII, Williams has not asserted any claims of same-sex sexual harassment in his amended complaint. *Oncale v. Sundower Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.ed.2d 201 (Sex discrimination consisting of same-sex sexual harassment is actionable under Title VII). According to the 5th Circuit, a plaintiff in a same-sex sexual harassment case may establish discrimination because of sex by showing: (1) "the alleged harasser made 'explicit or implicit proposals of sexual activity' and [by] provid[ing] 'credible evidence that the harasser was homosexual;'" (2) "the harasser was 'motivated by general hostility to the presence of [members of the same sex] in the workplace;' " or (3) "'direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.'" *Love v. Motiva Enterprises LLC*, 2009 WL 3334610, **1 (5th Cir. 2009). The allegations in Williams' amended complaint do not relate to any of the above forms of same-sex sexual harassment.

   *See also, Richardson v. BFI Waste Systems of North America, Inc.*, 232 F.3d 207 (5th Cir. 2000)("Though Title VII does not prohibit discrimination on the basis of sexual orientation, the Supreme Court has made clear that same-sex harassment is prohibited by Title VII if such harassment is proven to be 'because of sex.' Under the Court's teachings in *Oncale*, because [the plaintiff] alleges 'explicit or implicit proposals of sexual activity' by someone of his gender, he can satisfy his summary judgment burden of proving discrimination 'because of sex' by offering 'credible evidence that the harasser was homosexual.' In short, *Oncale* allows a reasonable jury to find that when a homosexual male proposes sexual activity to another male, he is doing so 'because' of his target's gender"); *Wheatfall v. Potter*, 2010 WL 2854284 (S.D.Tex. 2010)(To the extent the plaintiff's discrimination claim is based on sexual orientation, he fails to state

complaining of discrimination on the basis of his actual or perceived sexual preference/orientation, which is not a cognizable claim under either Title VII or under the LEDA.[6] [7]  Accordingly, his claims of sex discrimination are also subject to dismissal with

---

a claim under Title VII.  The plaintiff also failed to prove any of the forms of same-sex sexual harassment discussed in *Oncale*).

[6] *See, Oiler v. Winn-Dixie Louisiana, Inc.*, 2002 WL 31098541 (E.D.La. 2002)(Courts have continued to hold that discrimination on the basis of sexual preference or orientation is not actionable under Title VII because it is not discrimination based on a person's "sex"); *Mims v. Carrier Corp.*, 88 F.Supp.2d 706 (E.D.Tex. 2000)(citing *Smith v. Liberty Mutual Ins. Co.*, 569 F.2d 325 (5th Cir. 1978)(the court agreed with the defendant that discrimination on the basis of sexual orientation is not actionable under Title VII, stating that, "[n]either sexual orientation nor perceived sexual orientation constitute protected classes under the Civil Rights Act.  Therefore, lacking membership in a protected class, the plaintiff's claim fails as a matter of law"); *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1084-85 (7th Cir. 2000), *cert. d*enied, 532 U.S. 995, 121 S.Ct. 1656, 149 L.Ed.2d 638 (2001)("Congress intended the term 'sex' to mean 'biological male or biological female,' and not one's sexuality or sexual orientation. [citation omitted].  Therefore, harassment based solely upon a person's sexual preference or orientation (and not on one's sex) is not an unlawful employment practice under Title VII"); *Broadus v. State Farm Ins. Co.*, 2000 WL 1585257, at *4, n. 2 (W.D.Mo. 2000); *Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 257, 265 (3rd Cir. 2001), *cert. denied*, 122 S.Ct. 1126, 151 L.Ed.2d 1018 (2002)(plaintiff's claim indicated only that he was being harassed on the basis of his sexual orientation, rather than because of his sex, and the district court properly determined that there was no cause of action under Title VII); *Blum v. Gulf Oil Corp.*, 597 F.2d 936 (5th Cir. 1979)(Discharge for homosexuality is not prohibited by Tile VII); *Gaspard v. Our Lady of Lourdes Regional Medical Center, Inc.*, 2009 U.S.Dist.LEXIS 25412 (W.D.La. 2009)(dismissing plaintiff's claims of discrimination based upon sexual orientation, which were asserted under Title VII and the LEDA, because the Fifth Circuit has "clearly stated that Title VII does not protect against discrimination on any basis relating to sexual orientation"); *Pritchett v. Sizeler Real Estate Management Co.*, 1995 WL 241855 (E.D.La. 1995).

[7] The Court finds that the allegations in the present case are similar to those confronted by the Western District of Louisiana in *Gaspard v. Our Lady of Lourdes Regional Medical Center, Inc.*  In that case, the plaintiff sought to amend her complaint to add allegations that the defendants questioned her about her "sexual orientation and general 'lifestyle'" and "the fact that plaintiff is a lesbian."  *Gaspard*, at *14.  The court denied the plaintiff's motion for leave to add those allegations, explaining that:

> The proposed amendments to plaintiff's General Allegations

prejudice for failure to state a claim upon which relief can be granted.

**IV.     Does plaintiff's amended complaint satisfy the U.S. Supreme Court's pleading standards?**

Finally, even assuming plaintiffs' sex discrimination claim should not be dismissed for the above reason, the undersigned nevertheless finds that it is subject to dismissal for failure to comply with the pleading standards recently set forth in the U.S. Supreme Court's decision, *Ashcroft v. Iqbal*, 129 U.S. 1937, 173 L.Ed.2d 868 (2009).  When reviewing a motion to dismiss, such as this, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party; however, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Rhodes v. Prince*, 2010 WL 114203, **2 (5th Cir. 2010), citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed..2d 929 (2007).  According to the Supreme Court's decision in *Iqbal*, "'[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face'."  *Gonzalez v. Kay*, 577 F.3d 600, 603

---

> fail to demonstrate any type of conduct related to plaintiff's gender or that plaintiff was subjected to any disadvantageous terms or conditions of employment based on gender or sexual harassment.  Nor does plaintiff propose any allegations which could constitute same-sex harassment.  Rather, plaintiff describes her alleged discrimination and sexual harassment as being related to her "sexual orientation."  Based on the controlling Fifth Circuit jurisprudence, the proposed causes of action under Title VII in plaintiff's second and third amended complaints are a futile attempt to assert a federal cause of action in this case and the motions for leave to file must therefore be denied.

*Gaspard*, at *14-15 [citations omitted].

(5th Cir. 2009)(quoting *Iqbal,* at 1949)(internal quotations omitted). The Supreme Court explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, at9150. First, the court must identify those pleadings that, "because they are no more than conclusions are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* Then, upon identifying the well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To state a prima facie case of sex discrimination under Title VII, Williams must allege that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. The Court agrees with Waffle House that it is difficult to determine from Williams' "stream of consciousness"-type amended complaint exactly what he alleges to be an adverse employment action and how the motivation for such practice had anything to do with his gender. He has failed to adequately allege how others outside the protected class of males were treated more favorably than he was. Moreover, to the extent that he might assert that he is in a protected class as an allegedly gay individual, such contention lacks merit since Title VII offers no protection based upon sexual orientation as discussed above. Williams'

conclusory allegations concerning the questions and accusations made by Waffle House management relative to his sexual preference (and their alleged spreading of information in that regard to other employers and the community after Williams' employment at Waffle House was allegedly terminated) simply do not assert a facially plausible claim of sex discrimination under Title VII and should therefore be dismissed with prejudice.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss (R. Doc. 19) filed by defendant, Miller Properties, Inc. d/b/a Waffle House, is hereby **GRANTED** and that the claims of plaintiff, Antonio L. Williams, Jr., shall be **DISMISSED WITH PREJUDICE**.  Judgment will be entered accordingly.

Signed in chambers in Baton Rouge, Louisiana, November 2, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**